UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
RASEAN FULTON,

             Plaintiff,

  -against-

GARY NEWKIRK, GREYHOUND
LINES, INC., and FRANCOIS
CHEDJOU SOH,

             Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-05479-FB-PK

*Appearances*:
*For the Plaintiff*:
GEORGE BATCHVAROV, ESQ.
Khavinson & Associates, P.C.
45 Broadway, Suite 720
New York, New York 10006

*For the Defendants*:
JENNIFER M. MEYERS, ESQ.
287 Bowman Avenue, Suite 404
Purchase, NY 10577
LISA M. ROLLE, ESQ.
7 Skyline Drive
Hawthorne, NY 10532

**BLOCK, Senior District Judge:**

    Rasean Fulton ("Plaintiff") brings this action to recover damages for personal injuries resulting from a motor vehicle collision. All defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer the action to the Middle District of Pennsylvania.[1] For the following reasons, the motion is granted.

---

[1] Defendant Soh further moves to dismiss for lack of personal jurisdiction. The Court does not need to reach that issue since it has the "power to transfer venue even if it lacks personal jurisdiction over the defendants." *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001); *see also Cummings v. Jai Ambe, Inc.*, No. 11-CIV-8213 ER, 2013 WL 620186, at *3 (S.D.N.Y. Feb. 13, 2013).

1

I.

This case arises out of a motor vehicle collision that occurred on April 23, 2020, in Harrisburg, Pennsylvania. It involved a Greyhound bus, operated by defendant Gary Newkirk, and a Freightliner truck, operated by defendant Francois Chedjou Soh. Plaintiff was a passenger on the Greyhound bus. Plaintiff alleges that the defendants violated the Pennsylvania Vehicle Code and operated their vehicles negligently. He sues for personal injuries allegedly sustained in the accident.

Plaintiff originally filed this complaint in the Supreme Court of the State of New York, Kings County. Defendants removed the action to the Eastern District of New York based on diversity jurisdiction. All defendants now move to transfer this action to the Middle District of Pennsylvania.

II.

A district court may transfer an action to any other district where "it might have been brought," if transfer would promote "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). "[M]otions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." *Publicker Indus., Inc. v. United States*, 980 F.2d 110, 117 (2d Cir. 1992).

"Deciding a § 1404(a) motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee

court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate." *City of Warren Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, CV-17-4412-SJF-AKT, 2019 WL 3997354, at *3 (E.D.N.Y. Aug. 23, 2019).

As to the first part of the inquiry, this action could have been brought in the Middle District of Pennsylvania, where the accident occurred. *See* 28 U.S.C. §1391(b) ("A civil action may be brought in… a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

As to the second part, courts consider the following non-exclusive factors: (1) plaintiff's choice of forum, (2) the convenience to witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of parties to the suit, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, (9) trial efficiency, and (10) the interest of justice, based on the totality of circumstances. *See Zebra Techs.*, 2019 WL 3997354, at *3; *New York Marine & Gen. Ins. Co. v. Lafarge N. Am.*, Inc., 599 F.3d 102, 112 (2d Cir. 2010).

Six of these factors weigh in favor of transferring this action to the Middle District of Pennsylvania, one factor weighs lightly against transfer, and the remaining factors are neutral.

### III.

#### A. Plaintiff's Choice of Forum

Generally, a plaintiff's choice of forum is entitled to "great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). However, that weight is diminished "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum." *Buckingham Properties, LLC v. Atl. Cas. Ins. Co.*, No. 16-CV-3428 (FB), 2017 WL 3912996, at *3 (E.D.N.Y. Sept. 6, 2017) (internal citation omitted).

Here, plaintiff's choice of forum is based on plaintiff's residence and the location of his treating physicians. These have no connection to the events giving rise to the present action, all of which occurred in Pennsylvania. Consequently, plaintiff's choice of forum is given minimal weight. *See Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990–91 (E.D.N.Y. 1991) (giving less deference to plaintiff's choice of forum where the plaintiff's choice was based solely on his residence and medical treatment in New York).

#### B. Convenience to Witnesses

One of the most important factors courts consider in deciding transfer of venue is the convenience of non-party witnesses. *See Zebra Techs.*, 2019 WL 3997354, at *4.

Neither party has provided a comprehensive list of potential witnesses. However, the defendants point out that most potential witnesses are likely to reside in Pennsylvania, where the accident occurred. *See Zepherin v. Greyhound Lines Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006) (noting that likely witnesses would be predominantly located in the district where the events giving rise to the action took place). Defendants have identified at least two significant witnesses based in Pennsylvania – Ms. Douglas, a passenger on the Greyhound bus at the time of the incident, and the responding police officer.

Plaintiff has identified nine New York based treating physicians he expects to testify on the issue of damages.[2] ECF No. 21 at 6. Plaintiff highlights the burdens that would be associated with obtaining their testimony if the action is transferred to Pennsylvania. However, courts have recognized that such inconvenience is reduced with the availability of video testimony. *See, e.g., JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC*, 960 F. Supp. 2d 383, 399 (E.D.N.Y. 2013); *Longo v. Wal–Mart Stores, Inc.,* 79 F. Supp. 2d 169, 172 (E.D.N.Y. 1999) (collecting cases and secondary sources); *Hernandez,* 761 F. Supp. at 989 ("[i]t has become increasingly common practice in recent years to videotape expert testimony in lieu of calling the live witness") (citing cases and

---

[2] While plaintiff also names one Greyhound bus passenger residing in New York, many other passengers are likely to be from Pennsylvania, where the bus originated.

secondary sources). In addition, cumulative testimony is generally disfavored so it is unlikely the plaintiff will call nine expert witnesses on a single topic.

Since most potential witnesses are likely to be in Pennsylvania, and any inconvenience to plaintiff's New York based witnesses can be reduced by allowing video testimony, the Court finds that this factor favors transfer.

### C. The Locus of Operative Facts

"Courts traditionally give significant weight to the locus of the operative facts of a case and routinely transfer cases when the principal events occurred in another district and the principal witnesses are located there. To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Jackson v. Avis Rent A Car Sys., LLC*, No. 14 CIV. 1658 LLS, 2015 WL 1004299, at *2 (S.D.N.Y. Mar. 6, 2015) (internal citation omitted).

The *only* locus of operative facts is the Middle District of Pennsylvania, where the accident occurred. In similar cases arising out of vehicle collisions, courts have found the place of the accident is the only relevant location. *See Cunningham v. Hinds*, No. 99-CV-3661(ILG), 1999 WL 1129049, at * 2 (E.D.N.Y. 1999) (holding venue was proper where the accident occurred, as "all, not just a substantial part," of the events giving rise to plaintiff's claims occurred there); *see also Hernandez*, 761 F. Supp. at 990. Accordingly, this factor weighs heavily in favor of transfer.

6

### D. Availability of Process to Compel the Attendance of Unwilling Witnesses

The majority of potential witnesses are likely to reside in Pennsylvania, where the accident occurred. As such, the ability of Pennsylvania to compel witness appearances weighs in favor of transfer.

### E. Forum's Familiarity with Governing Law

This factor weighs in favor of transfer "since it is judicially desirable to have cases decided by a court familiar with the substantive law to be applied." *Hernandez*, 761 F. Supp. at 991; *see also Kreisner v. Hilton Hotel Corp.,* 468 F. Supp. 176, 179 (E.D.N.Y. 1979) ("While there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it"). This matter involves alleged violations of the Pennsylvania Vehicle Code, so a Pennsylvania court is better positioned to handle it.

### F. Interests of Justice/Trial Efficiency

Although not weighed heavily, courts often consider docket congestion when examining these factors. *See Zebra Techs.*, 2019 WL 3997354, at *7.

As of March 31, 2021, the number of pending cases per judge was 833 in the Eastern District of New York and 664 in the Middle District of Pennsylvania. Furthermore, in the Eastern District of New York, it takes approximately 41.6 months for a civil action to reach trial as oppose to 37.2 months in the Middle District of Pennsylvania. *See* Administrative Office of the United States Courts,

7

*Federal Court Management Statistics* ("FCMS"), *available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/03/31-1 (last accessed July 12, 2021). Since there is a higher level of congestion in the Eastern District of New York than in the Middle District of Pennsylvania, this factor weighs lightly in favor of transfer.

### G. The Relative Means of the Parties

"Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties." *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 170 (E.D.N.Y. 2006); *see also Jackson,* 2015 WL 1004299, at *3.

Although the parties do not explicitly address any disparities that may exist, defendant Greyhound is a large corporation and the plaintiff is an individual. Plaintiff established that litigating this action in Pennsylvania would impose significant additional costs since he would need to account for his treating physicians' travel expenses. However, this disparity is mitigated by the option of obtaining the medical testimony via video. As such, this factor weighs only lightly in favor of retaining venue in New York.

### H. Neutral Factors

The remaining factors do not weigh in favor of either venue. Neither party identifies specific documents critical to this case that would affect the courts

8

consideration of factor 3 ("The Location of Relevant Documents and Ease of Access to Sources of Proof"). Furthermore, courts do not view this factor as especially significant in our age of computers and document scanning technology. *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) (collecting cases).

As to factor 4 ("Convenience to the Parties"), the parties would be equally inconvenienced if the action takes place in New York as opposed to Pennsylvania. *See* ECF No. 18 at 2 (Plaintiff resides within the Eastern District of New York); ECF No. 22 at 1 (Defendant Soh resides in York, Pennsylvania); ECF No. 20 at 1 (Defendant Newkirk resides in New Jersey and defendant Greyhound is based in Texas).

## CONCLUSION

Defendants' motion to transfer venue is **GRANTED**. The Clerk is directed to transfer the case to the Middle District of Pennsylvania.

**SO ORDERED.**

　/S/ Frederic Block　
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 19, 2021