UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASEAN FULTON,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY NEWKIRK, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:21-CV-01268<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) filed by Plaintiff Rasean Fulton ("Fulton") on January 22, 2024. (Doc. 76). Fulton requests that the current matter be transferred to the United States District Court for the Eastern District of New York. (Doc. 76, at 1). For the reasons provided herein, Fulton's motion to transfer (Doc. 76) is **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On October 2, 2020, Fulton commenced this personal injury action against Defendants Gary Newkirk ("Newkirk"), Greyhound Lines, Inc., ("Greyhound"), and Francois Chedjou Soh ("Soh") in the Supreme Court of the State of New York, County of Kings. (Doc. 1-1, at 6-10). On November 11, 2020, Defendants Newkirk and Greyhound removed the case to the Eastern District of New York pursuant to 28 U.S.C. §§1441(a) and 1332. (Doc. 1, at 1). On March 4, 2021, Fulton filed an amended complaint against

1

Defendants.[1] (Doc. 18). In the amended complaint, Fulton alleges that he suffered injuries on April 23, 2020, when a vehicle operated by Newkirk and carrying Fulton collided with a vehicle operated by Soh. (Doc. 18, ¶¶ 20-21). The amended complaint alleges that Defendants violated the Pennsylvania Vehicle Code and operated their vehicles negligently. (Doc. 18, ¶¶ 22-25). Fulton seeks damages in an amount exceeding "the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with costs and disbursements of this action, and such other and further relief that this Court deems just and proper." (Doc. 18, ¶¶ 34-35).

On March 5, 2021, Defendants filed a motion to transfer the action to the Middle District of Pennsylvania. (Doc. 20; Doc. 21). On July 19, 2021, the Eastern District of New York transferred Fulton's case to the Middle District of Pennsylvania. (Doc. 25, at 9). On January 22, 2024, Fulton submitted a motion to remand, or transfer, the action back to the Eastern District of New York due to a change of facts and parties. (Doc. 76, at 1). On February 5, 2024, Soh submitted d a brief in opposition to Fulton's motion to remand with corresponding exhibits. (Doc. 76; Doc. 77-1; Doc. 77-2; Doc. 77-3).

Having been fully briefed, this matter is now ripe for adjudication.

II. **LEGAL STANDARD**

A court may transfer venue to any other district court where the civil action might have been brought if it serves the interests of justice and the convenience of the parties. 28

---

[1] On May 22, 2023, the parties jointly submitted a stipulation of dismissal pursuant to 21(a)(1)(A)(ii) of all claims and crossclaims against Newkirk and Greyhound. (Doc. 68, at 1). As such, the only remaining defendant in this action is Soh.

U.S.C. § 1404(a). Although the district court is given the ultimate discretion in transferring venue, the exercise of this discretion should not be liberal. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

A court adjudicating a motion pursuant to 28 U.S.C. § 1404(a) must first determine whether the proposed venue is appropriate—that is, a district court can only transfer the action to a district or division "where [the case] might have been brought." 28 U.S.C. § 1404(a) ; *see also High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 491 (M.D. Pa. 2005). If transfer to the proposed district would satisfy this statutory limitation, the court must then balance several factors. "While there is no definitive list of factors, courts generally consider the following: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative court congestion in the competing courts; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; (12) and the familiarity of the trial judge with the applicable state law." *High River Ltd. P'ship*, 353 F. Supp. 2d at 491 (citing *Jumara v. State Farms Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden of showing that these factors warrant transfer. *Jumara*, 55 F.3d at 879. However, the moving party "is not required to show 'truly compelling circumstances for ... change ... [of venue, but rather that] all relevant things

considered, the case would be better off transferred to another district.' " *In re United States,* 273 F.3d 380, 388 (3d Cir. 2001) (quoting *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)).

**III.   DISCUSSION**

Fulton contends that the Eastern District of New York is the proper venue for this matter since Greyhound and Newkirk are no longer active defendants, and Soh has accepted full liability for the accident. (Doc. 72, at 6). As a result of these changes, Fulton contends that the balance of factors strongly favors transferring this case. (Doc. 76, at 4-10). In opposition, Soh contends that transfer is futile because New York cannot exercise personal jurisdiction over him. (Doc. 77, at 1).

If a plaintiff would have had a right to bring suit in the proposed transferee district at the commencement of the action, "independently of the wishes of [the] defendant," then the transferee district is a district where the action "might have been brought." *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). Thus, in order to prevail on a motion to transfer venue under § 1404(a), the moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district. *Hoffman*, 363 U.S. at 344; *Shutte ,* 431 F.2d at 24. Here, the parties dispute whether the Eastern District of New York has personal jurisdiction over Soh. (Doc. 76; Doc. 77). To determine whether New York would have personal jurisdiction, the Court must apply the law of the forum in which the district court sits. *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 107 (3d Cir. 2009) (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)). Fulton need only make out *a prima facie* case for jurisdiction. *D'Jamoos*, 566 F.3d at 107.

New York's long-arm statute provides for general jurisdiction under the Civil Practice Law and Rules ("CPLR") § 301. "General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile,' " and "a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (citations omitted). Here, Soh is not "at home" in New York for the purposes of establishing jurisdiction as he is a resident of Pennsylvania. (Doc. 18, ¶ 14). Further, Soh's testimony that he makes "runs" to New York is unsupported by caselaw and does not support that this is a "truly exceptional case" such that the court should exercise general jurisdiction over a nondomiciliary defendant. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (citation omitted); *see also Reich*, 858 F.3d at 63 ("In an 'exceptional case,' an individual's contacts with a forum might be so extensive as to support general jurisdiction notwithstanding domicile elsewhere, but the Second Circuit has yet to find such a case." (citation omitted)). New York's long-arm statute also provides for specific jurisdiction under C.P.L.R. § 302. Fulton invokes C.P.L.R. § 302(a)(1) in support of his argument for personal jurisdiction. (Doc. 76, at 4, n.2). Soh relies on C.P.L.R. § 302(a)(3) to argue that personal jurisdiction is improper. (Doc. 77, at 4). However, none of the § 302 subsections provide for personal jurisdiction over Soh.

First, under C.P.L.R. § 302(a)(1), a court may exercise specific jurisdiction over a non-domiciliary where the individual or entity "transacts any business within the state or contracts anywhere to supply goods or services in the state" on a cause of action "arising from" that transaction of business. C.P.L.R. § 302(a)(1). The instant cause of action arises out of an accident that occurred in Harrisburg, Pennsylvania. (Doc. 18, at 4). Soh was in in the midst of transporting cargo from Baltimore, Maryland to Harrisburg, Pennsylvania. (Doc. 77-2, at

3-5). The cargo was to then scheduled to be shipped from Harrisburg to Minnesota. (Doc. 77-3, at 2). Under these circumstances, the Court does not find that the accident was related to Soh's business contacts or transactions in New York, to the extent that he had any. *Yanouskiy v. Eldorado Logistices Sys., Inc.*, No. 1:05CV2202-ENV-JMA, 2006 WL 3050871, at *6 (E.D.N.Y. Oct. 20, 2006) (finding no Section 302(a)(1) jurisdiction where an accident occurred in Nebraska and there were no allegations that defendant was transporting a shipment to or from New York and his trailer was not manufactured, sold, or leased in New York) (citing *Lancaster v. Colonial Motor Freight Line, Inc.,* 177 A.D.2d 152, 158 (1st Dep't 1992) (finding no Section 302(a)(1) jurisdiction where an accident occurred in South Carolina despite plaintiff's allegation that defendant trucking company's fleet had in the past shipped goods to New York). Accordingly, Section 302(a)(1) does not grant specific jurisdiction over Soh.

Second, C.P.L.R. 302(a)(2) only extends specific jurisdiction to claims arising from the commission of a tortious acts within New York state. As discussed, the accident occurred in Pennsylvania, and Fulton does not plead any facts to suggest that Soh committed this tort in New York. (Doc. 18). Thus, C.P.L.R. § 302(a)(2) does not grant specific jurisdiction over Soh.

Pursuant to C.P.L.R. 302(a)(3), a court may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state" if the non-domiciliary:

    (i)    regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

C.P.L.R. § 302(a)(3). Here, Fulton does not allege that he was injured within New York as a result of Soh's tortious conduct outside in Pennsylvania. (Doc. 18). The Second Circuit has interpreted the injury requirement in § 302(a)(3) to mean that the "original event which caused the injury" must have taken place in New York. *Yanouskiy*, 2006 WL 3050871, at *7 (no jurisdiction under C.P.L.R. § 302(a)(3) where accident occurred in Nebraska and defendant was transporting cargo from Utah to Canada); *Delaware State Police,* 939 F. Supp. 2d 313, 327 (S.D.N.Y. 2013) (quoting *Penguin Group (USA) Inc. v. American Buddha,* 609 F.3d 30, 39 (2d Cir. 2010)). Here, the original event which caused the injury occurred in Pennsylvania. (Doc. 18, ¶ 20). Fulton's New York residence does not suffice to establish injury within New York state. (Doc. 18, ¶ 1). As Fulton fails to demonstrate that Soh's tortious act caused injury to him in New York, neither C.P.L.R. § 302(a)(i) nor (ii) grants specific jurisdiction over Soh.

Lastly, C.P.L.R. § 302(a)(4) provides that a court may exercise jurisdiction over a defendant if he owns, uses, or possesses any property within New York that serves as the basis for plaintiffs' cause of action. Because Fulton has not alleged that Soh owns any property in New York or that his owning of property in New York gave rise to his lawsuit, this provision does not apply.

As New York's long-arm statute does not confer jurisdiction, either specific or general, over Fulton's claims, an analysis of whether exercising personal jurisdiction would comport with constitutional principles of due process is not necessary here. *See, e.g., Penguin Grp. (USA) Inc.*, 609 F.3d at 35 ("[E]xcept where the long-arm statute permits jurisdiction to the extent

permitted by principles of Due Process — as it commonly does in states other than New York— analysis under Due Process principles is not necessary unless there is long-arm jurisdiction under the applicable state statute.").

IV.   **CONCLUSION**

Accordingly, Fulton's motion to transfer (Doc. 76) is **DENIED** for lack of jurisdiction. *High River Ltd. P'ship*, 353 F. Supp. 2d at 494  ("In order to transfer a case to another district, the transferee court must have personal jurisdiction over all of the defendants.") (citing *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993); *see also* *Shutte* , 431 F.2d at 24 (finding transfer under § 1404(a) inappropriate because, among other reasons, there was "a very real question" whether personal jurisdiction was proper over one of the defendants in the transferee forum).

An appropriate Order follows.

**BY THE COURT:**

**Dated: April 9, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**