UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASEAN FULTON, | |
| Plaintiff | CIVIL ACTION NO. 1:21-CV-01268 |
| v. | (MEHALCHICK, J.) |
| FRANCIS CHEDJOU SOH, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are five motions *in limine* filed by Defendant Francis Chedjou Soh ("Soh"). (Doc. 96; Doc. 97; Doc. 98; Doc. 99; Doc. 100). Plaintiff Rasean Fulton ("Fulton") initiated this action by filing a complaint against Gary Newkirk ("Newkirk"), Greyhound Lines Inc. ("Greyhound"), and Soh in the Supreme Court of the State of New York, County of Kings on October 5, 2020. (Doc. 1). The case was removed to this Court on November 11, 2020. (Doc. 1). Fulton filed the operative amended complaint on March 4, 2021. (Doc. 18). The motions *in limine* have been fully briefed and are now ripe for disposition.[1] (Doc. 96; Doc. 97; Doc. 98; Doc. 99; Doc. 100).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following background and history are limited to the immediately relevant circumstances of the pending motions. This case arises from a tractor trailer collision that

---

[1] Fulton does not oppose this Court granting Soh's third and fifth motions *in limine*, which seek to preclude evidence of insurance and evidence of wage loss. (Doc. 98; Doc. 100). Accordingly, these motions are **GRANTED** and Fulton will be precluded from introducing evidence of insurance and evidence of wage loss at trial. (Doc. 98; Doc. 100).

occurred on April 23, 2020. (Doc. 18, ¶¶ 18, 19, 20). The collision involved a tractor trailer operated by Soh that collided with a Greyhound bus. (Doc. 18, ¶¶ 18, 19, 20). Fulton, a passenger on the Greyhound bus, alleges he sustained various injuries as a result of the collision. (Doc. 18, ¶ 20). Fulton claims that the accident occurred due to Defendants' recklessness and negligence. (Doc. 18, ¶¶ 28, 29).

On October 7, 2024, Soh filed five motions *in limine*. (Doc. 96; Doc. 97; Doc. 98; Doc. 99; Doc. 100). On October 8, 2024, Soh filed a brief in support of each motion. (Doc. 101; Doc. 102; Doc. 103; Doc. 104; Doc. 105). In the instant motions *in limine*, Soh seeks to preclude Fulton from introducing evidence on causation and damages at trial, evidence of insurance, evidence of wage loss, and from presenting undisclosed witnesses and/or evidence. (Doc. 96; Doc. 97; Doc. 98; Doc. 100). Soh also seeks to limit or preclude evidence or testimony as to Fulton's alleged medical expenses. (Doc. 99). On October 28, 2024, Fulton filed three briefs in opposition, opposing Soh's first, second, and fourth motions *in limine* which seek to preclude Fulton from introducing evidence on causation and damages at trial, from presenting undisclosed witnesses and/or evidence, and to limit or preclude evidence or testimony as to Fulton's alleged medical expenses. (Doc. 96; Doc. 97; Doc. 99; Doc. 107; Doc. 108; Doc. 109). On November 4, 2024, the Court held a final pre-trial conference with the parties, during which the parties argued the outstanding motions *in limine*. (Doc. 111). Accordingly, each motion is ripe for the Court's disposition.

II. **STANDARD OF REVIEW**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. See *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir.

1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence provide that relevant evidence is generally admissible.[2] Fed. R. Evid. 402. Evidence is "relevant" if its existence simply has "any tendency to make a

---

[2] The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at *3. The grounds for exclusion of evidence under Rule 403 are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the

fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The balancing test under Rule 403 provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

> Fed. R. Evid. 403.

### III. DISCUSSION

#### A. SOH'S FIRST MOTION *IN LIMINE*

Soh's first motion *in limine* seeks to preclude Fulton from presenting evidence on causation and damages at trial and, consequently, to dismiss Fulton's claim with prejudice.[3] (Doc. 96). According to Soh, in support of causation and damages, Fulton has only "produced a single expert report, months late, four years into the litigation, in violation of the Court's orders and the Federal Rules of Civil Procedure[.]" (Doc. 101, at 1). Soh explains that this report, which is authored by Fulton's treating physician Dr. Apazidis, is "a narrative report by one of [Fulton's] treating physicians and identify the physician as a witness at trial." (Doc.

---

Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission. *Ely*, 2016 WL 454817, at *3.

[3] In the alternative, Soh requests that this Court order Fulton's expert, Dr. Alexios Apazidis, to submit to a deposition. (Doc. 101, at 7). Because trial is scheduled for less than one month from the date of this filing, the Court will deny this request.

96-4, at 18; Doc. 101, at 4). Therefore, Soh argues that this report, as well as any other evidence on causation and damages, should be precluded. (Doc. 101, at 1-4).

Fulton responds that Soh seeks an "extreme sanction" for Fulton's "harmless, and very limited, noncompliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(A)." (Doc. 107, at 2). Fulton also avers that *both* his treating physicians, Dr. Apazidis and Dr. Avshalumov, neither of whom were timely identified as expert witnesses, should be permitted to offer expert testimony regarding Fulton's injuries because their opinions originated in the course of their treatment of Fulton. (Doc. 107, at 2). Furthermore, he argues that both doctors should be able to offer lay testimony regarding Fulton's diagnosis and treatment because they served as his treating physicians. (Doc. 107, at 2).

"Federal Rule of Civil Procedure 26(a)(2)(A) requires that parties disclose the identity of any witness who may testify at trial as an expert pursuant to Rule 702 of the Federal Rules of Evidence." *Martin v. Sears, Roebuck & Co.*, No. 3:06CV2238, 2007 WL 2782263, at *1 (M.D. Pa. Sept. 21, 2007). "[I]f a party fails to provide the information required by Rule 26(a) and (e), Federal Rule of Civil Procedure 37(c) states, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Sabol v. Allstate Prop. & Cas. Ins. Co.*, 309 F.R.D. 282, 286 (M.D. Pa. 2015) (quoting Fed. R. Civ. P. 37(c)(1) (emphasis added)). In consideration of Federal Rule of Civil Procedure 37, the Third Circuit has set forth the following factors to determine whether evidence should be excluded for failure to comply with discovery duties:

> 1) The prejudice or surprise of the party against whom the excluded evidence would have been admitted; 2) The ability of the party to cure that

prejudice; 3) The extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and 4) Bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

Here, the Court ordered that expert discovery be completed by July 30, 2024. (Doc. 91). Despite that deadline, Fulton did not submit Dr. Apazidis' expert report and or identify him as an expert witness on October 4, 2024. (Doc. 101, at 4). After the filing of Soh's motion *in limine*, Fulton produced *another* late expert report authored by Dr. Avshalumov on October 25, 2024. (Doc. 106, at 10). When asked by the Court about these late filings during the parties' final pre-trial conference, Fulton's counsel was unable to justify why these expert reports were filed so far beyond the deadlines set in this case. "G]iven the lack of a sufficient explanation for the belated submission, the Court is compelled to address whether the extreme sanction of exclusion of such testimony is warranted under the circumstances." *Sheetz v. Wal-Mart Stores, E., L.P.*, No. 4:15-CV-02210, 2017 WL 5625768, at *3 (M.D. Pa. Nov. 22, 2017) (stating also that "sanctions may be appropriate under Federal Rule of Civil Procedure 37 where the failure to timely produce the expert report of a testifying witness is neither substantially justified nor harmless.").

The Court has discretion to reject expert testimony. *Jaasma v. Shell Oil Co.*, 412 F.3d 501, 513 (3d Cir. 2005). It acts within its discretion so long as the decision is not "arbitrary, fanciful or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). Further, the Court has discretion to review compliance with Federal Rule of Civil Procedure 26. Accordingly, in making its decision on the introduction of Fulton's treating physicians as experts and permitting the introduction of their late filed expert reports, the Court turns to the factors set forth in *Nicholas v. Pennsylvania State University.* 227 F.3d at 148.

Considering the first inquiry, prejudice or surprise of the party against whom the excluded evidence would have been admitted, the Court finds Soh's arguments regarding the prejudice he would experience if these reports were to be admitted at trial as relayed during the parties' final pre-trial conference to be compelling. *Nicholas,* 227 F.3d at 148; *see Whitham v. Walmart Stores E., LP*, No. CV 21-3287, 2023 WL 4494160, at *2 (E.D. Pa. July 12, 2023) (concluding "surprise testimony" from an expert witness may prejudice a party where late produced reports and not produced evidence prevents counsel from meaningfully cross examining the expert). Soh would prejudiced if Fulton were able to introduce these reports as Soh has been unable to prepare a defense to the material contained therein. Further, Soh is disadvantaged by having to prepare to cross-examine these witnesses as experts on such short notice. Additionally, the time for depositions has passed, so discovery would need to be re-opened and the resolution of this case further delayed.

Next, considering Fulton's ability to remedy the prejudice, the deadline for depositions has passed. *See Flickinger v. Toys R Us, Inc.*, No. 3:10-CV-305, 2011 WL 3359646, at *2 (M.D. Pa. Aug. 3, 2011) (looking to the fact that expert discovery deadline had passed when assessing whether to exclude and untimely expert report and recognizing Defendant "should not have to scramble in the weeks before trial to deal with yet another expert opinion untimely submitted."). Scheduling additional depositions would disrupt the orderly and efficient trial of this case because discovery would need to be reopened. This delay is particularly burdensome given the fact trial is set to commence in less than month from the date of this filing.

Lastly, considering whether Fulton acted in bad faith or with a willfulness to fail to comply with a court order or discovery obligation, the Court finds it troublesome that, with

no meaningful explanation, both expert reports at issue had not been produced until far beyond the discovery deadlines set in this, despite the fact Soh's counsel repeatedly asked for such reports. While a party's lack of diligence does not typically support exclusion, even where there is "there is no evidence of any bad faith" the Court may consider the justifications provided for a party's failure to make required disclosures, or the lack thereof. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012); *see also Dandy v. Ethicon Women's Health & Urology*, 579 F. Supp. 3d 625, 632 (D.N.J. 2022) (finding that "while perhaps not rising to the level of bad faith," a party "provid[ing] little to no justification for failing to comply with [a] scheduling order" supported striking a supplemental expert report). Here, Fulton's counsel has failed to provide sufficient justification for the late production of not one, but two expert reports authored by individuals they logically had knowledge of as Fulton's treating physicians. Without good cause for the delay in production, the Court cannot conclude the lack of their production was harmless or justified. Accordingly, Fulton will be precluded from introducing the expert reports of Dr. Apazidis and Dr. Avshalumov at trial and the physicians will be precluded from testifying as expert witnesses. *See Hamilton v. Dowson Holding Co.*, No. CIV. 2008-2, 2010 WL 3119912, at *4 (D.V.I. July 30, 2010) ("It is appropriate to exclude a late-filed expert report where the explanation for its tardiness is insufficient."). However, Dr. Apazidis and Dr. Avshalumov will be permitted to provide lay testimony at trial as Fulton's treating physicians. *See Flickinger*, 2011 WL 3359646, at *1 (precluding introduction of a late filed expert report from plaintiff's treating physician for violation of Federal Rule 26 but allowing the physician to testify as a treating physician). Subject to further or other objections at trial, Fulton will be permitted to present materials previously disclosed in discovery, and to otherwise comply with the Federal Rules of Evidence. Any other materials or evidence Fulton

seeks to present on issues of causation or damages that has not been previously produced during discovery will not be permitted. Accordingly, Soh's first motion *in limine* is **GRANTED**. (Doc. 96).

    B.   Soh's Second Motion *in Limine*

Soh's second motion *in limine* seeks to preclude Fulton from presenting undisclosed witnesses and/or evidence which was not identified in Fulton's pre-trial memorandum and report. (Doc. 97). In his brief, Soh indicates that he anticipates Fulton will attempt to introduce or call witnesses at trial that are not identified in these materials. (Doc. 102). Fulton responds that this Court should deny the motion because it is:

> (1) duplicative of Section One of this Court's Order dated May 31, 2024 (ECF 92); (2) contrary to the letter of the applicable Local Rules and/or decisions reached by Trial Courts of the Third Circuit in applicable case law; and (3) addressed to circumstances that do not exist, and in any case that Courts of the Third Circuit decide on an individual, rather than categorical, basis.

(Doc. 108, at 2).

Under Federal Rule of Civil Procedure 37, preclusion of certain evidence is warranted when a party fails to disclose information during discovery. *Locke v. Jefferson Hills Manor*, No. 2:18-CV-01260-MJH, 2020 WL 5363320, at *2 (W.D. Pa. Sept. 8, 2020). In such cases "the non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002). Soh premises his motion on Fulton's hypothetical introduction of witnesses and evidence not disclosed in Fulton's pre-trial memorandum. (Doc. 97). Middle District of Pennsylvania Local Rule 16.6 governs pre-trial memoranda filed by parties in civil action. In an Order from this Court dated May 31, 2024, the Court directed the parties that "[s]trict compliance with our Local Rules, including Rules 16.2 (Participants), 16.3 (Conference of

Attorneys) and 16.6 (Pretrial Memorandum), is required." (Doc. 92, at 1). Local Rule 16.3(b) prohibits parties from offering exhibits into evidence at trial that are neither numbered nor listed in that party's pre-trial memorandum, "except for good cause shown." Thus, in consideration of the Court's previous Order and because the Local Rules adequately govern the introduction of witnesses and evidence not disclosed in the pre-trial memorandum, the Court will **DENY without prejudice** Soh's second motion *in limine*. (Doc. 97). The Court finds the rules to be sufficient safeguards protecting against the hypothetical injustice Soh anticipates. If, at trial, Fulton seeks to introduce either evidence or witnesses not previously disclosed, the Court will provide opportunity for the parties to dispute prejudice and whether Fulton has good cause to do so.

C. SOH'S FOURTH MOTION *IN LIMINE*

Soh's fourth motion *in limine* seeks to preclude or limit evidence or testimony as to alleged medical expenses. (Doc. 99). Specifically, Soh argues that Fulton "should not be allowed, after discovery has closed, four years into this litigation, to introduce evidence or put on testimony about his past medical expenses. If [Fulton] is so allowed, such evidence and or testimony must be limited to the amount deemed reasonable and actually paid to the providers." (Doc. 104, at 3). Soh further asserts that he will be "severely prejudiced if Plaintiff is permitted to present evidence of medical bills and expenses that are unsubstantiated and insufficient to establish a claim for past medical expenses as a matter of law." (Doc. 104, at 5). Fulton answers that the Court should permit him to introduce evidence of his medical expenses because his testimony in "conjunction with that of [Fulton's] treating physician and documents memorializing the charges [he] has actually incurred, satisfy the requirements of applicable law." (Doc. 109, at 2).

"'It is well-settled that a plaintiff in a personal injury action seeking damages for the cost of medical services provided to him as a result of a tort-feasor's wrongdoing is entitled to recover the reasonable value of those medical services.'" *Armstrong v. Antique Auto. Club of Am.*, 670 F. Supp. 2d 387, 393-94 (M.D. Pa. 2009) (quoting *Kashner v. Geisinger Clinic*, 432 Pa. Super. 361, 638 A.2d 980, 983 (Pa. Super. Ct. 1994)). To recover for past medical expenses, a plaintiff must prove the following: (1) medical services were rendered; (2) the reasonable charges for those services; (3) that the services rendered were necessary; and (4) that the medical services rendered were related to the injury that occurred. *Moore v. Home Depot U.S.A., Inc.*, No. CIV.A. 07-461, 2007 WL 4322208, at *1 (E.D. Pa. Dec. 6, 2007). Considering these elements, Fulton states "this Court should permit [him] to introduce evidence at trial regarding his past medical expenses because his testimony, in conjunction with that of his treating physicians and with documents memorializing the charges he incurred, satisfy the requirements to establish past medical expenses." (Doc. 109, at 6). Soh argues that Fulton "does not have any competent medical evidence of the reasonableness of any past medical expenses, [and therefore Fulton] should be precluded from presenting any evidence and/or testimony related to his past medical expenses." (Doc. 104, at 5). Further, that in the event Fulton is able to establish his medical expenses claim, "he should be prohibited from introducing any evidence relating to the value of services beyond that which was actually paid." (Doc. 104, at 5).

Fulton also seeks to recover future medical expenses and to put forward evidence in support of doing so. (Doc. 109, at 7-10). To prove future medical expenses, a plaintiff must introduce expert testimony to support the award of medical expenses. *See Kollien v. Kmart Corp.*, No. 3:14CV1041, 2016 WL 6135646, at *2 (M.D. Pa. Oct. 21, 2016); *see also Mendralla*

*v. Weaver Corp.*, 703 A.2d 480, 485 (Pa. Super. 1997) (Because the estimated cost of future medical services is not within the layperson's general knowledge, the requirement of [expert] testimony eliminates the prospect that the jury's award will be speculative.'"). However, if a plaintiff can provide there is a reasonable basis for a jury to conclude future medical expenses will be the same as past medical expenses, "'the plaintiff can introduce past medical bills in lieu of expert testimony about future medical costs.'" *Onderko v. LM Gen. Ins. Co.*, 567 F. Supp. 3d 495, 504 (M.D. Pa. 2021) (quoting *Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112, 117 (3d Cir. 2014)). Fulton argues his medical expenses fall into this exception, and that a jury should thus be able to make this assessment after hearing the testimony of his treating physicians and reviewing evidence of his past medical bills. (Doc. 109, at 8-9). Because this evidence would allow the jury to come to a decision on future medical expenses that is not "purely speculative," Fulton avers this evidence may be introduced. Soh argues that Fulton is precluded from arguing he is entitled to future medical bills because a plaintiff "seeking future damages must present expert testimony from which the jury can reasonably determine the degree to which future consequences of a present injury are probable" and Fulton has failed to produce an expert report that opines on Fulton's future medical expenses. (Doc. 104, at 6).

      Again, this issue centers around what has and has not been disclosed in accordance with the Federal Rules of Evidence. At the parties' final pre-trial conference, Soh complained about the fact that no medical bills have been produced in this case, and thus counsel has been unable to do any analysis into the medical costs associated with Fulton's claims. Soh explained that the issues introducing this evidence at trial would create transcends simply having to have the treating physicians substantiate the costs, opening a "Pandora's box" into

insurance questions, the need for an expert to testify about reasonableness, and the ability to investigate comparisons. Soh also argued that having not known that Fulton would be pursuing future medical expenses, the defense is not prepared to dispute future medical costs. The Court agrees with Soh that he "will be severely prejudiced if Plaintiff is permitted to present evidence of medical bills and expenses that are unsubstantiated and insufficient to establish a claim for past medical expenses as a matter of law." (Doc. 104, at 5). Thus, to the extent that Fulton anticipates putting on evidence regarding his medical expenses, he is prohibited from introducing new evidence not previously disclosed during the course of discovery in this matter, including his medical bills and other evidence of medical costs beyond what he actually paid. He is also barred from arguing that he is entitled to future medical expenses. To this extent, Soh's fourth motion *in limine* to limit the introduction of medical evidence is **GRANTED**. (Doc. 99). However, Fulton may introduce testimony from himself and his treating physicians as to his medical expenses, as such testimony should have been fairly anticipated by Soh and has been adequately disclosed.

IV. CONCLUSION

Based on the foregoing, Soh's first and fourth motions *in limine* are **GRANTED** subject to the limitations and clarifications contained in this Memorandum. (Doc. 96; Doc. 99). Soh's third and fifth motions *in limine* are **GRANTED** as uncontested. (Doc. 98; Doc. 100). Soh's second motion *in limine* is **DENIED without prejudice**. (Doc. 97).

An appropriate Order follows.

**Dated: November 12, 2024**

**BY THE COURT:**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**