UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASEAN FULTON,<br><br>    Plaintiff<br><br>v.<br><br>FRANCIS CHEDJOU SOH, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:21-CV-01268<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant Francis Chedjou Soh ("Soh"). (Doc. 127). Plaintiff Rasean Fulton ("Fulton") initiated this action by filing a complaint against Gary Newkirk ("Newkirk"), Greyhound Lines Inc. ("Greyhound"), and Soh in the Supreme Court of the State of New York, County of Kings on October 5, 2020. (Doc. 1). For the following reasons, Soh's motion for summary judgment will be **GRANTED**. (Doc. 127).

**I.   BACKGROUND**

The following factual background is taken from the parties' statements of fact and exhibits attached thereto. (Doc. 127-2). This case arises from a tractor-trailer collision that occurred on April 23, 2020. (Doc. 127-2, ¶¶ 1-5). The collision involved a tractor-trailer operated by Soh that collided with a Greyhound bus. (Doc. 127-2, ¶¶ 2-3). Fulton, a passenger on the Greyhound bus, alleges he sustained various injuries as a result of the collision, which he received treatment for from doctors Stan Avshalumov, D.O. and Alexious Apazadis, MD. (Doc. 127-2, ¶¶ 3, 7-9, 14-43). Importantly, the record reflects that Fulton did not receive emergency medical attention after the accident and did not seek treatment for these injuries until almost two weeks after the accident. (Doc. 127; Doc. 128, at 4). In a prior order, the

Court excluded the expert reports of Fulton's doctors and barred the doctors from testifying as expert witnesses in this case due to Fulton's failure to timely file his materials. (Doc. 112; Doc. 127-2, ¶ 10). Meanwhile, Soh retained Michael L. Sidor, MD and Scott Rushton, MD to serve as defense medical experts in this matter. (Doc. 128, at 18). In their videotaped depositions, both doctors testified that, to a reasonable degree of medical certainty, the injuries complained of by Fulton could not have been caused by the accident. (Doc. 127-3, at 46-47, 76).

Trial in this case was supposed to begin on December 9, 2024. (Doc. 128, at 15). On that day, however, U.S. Marshals took Fulton into custody pursuant to a warrant for his arrest issued in New York. (Doc. 128, at 15). On December 16, 2024, the Court of Common Pleas of Lackawanna County granted extradition of Fulton to New York pursuant to a waiver of extradition. (Doc. 127-3, at 116). This Court thus adjourned trial to be rescheduled at a later date. (Doc. 124).

On January 21, 2025, Soh filed the instant motion for summary judgment, statement of facts, exhibits, and his brief in support. (Doc. 127). On March 7, 2025, Fulton filed a brief in opposition to Soh's motion as well as various exhibits. (Doc. 131; Doc. 131-1). On March 21, 2025, Soh filed a reply brief. (Doc. 133). Accordingly, the motion is ripe and ready for disposition.

## II.  LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations,

answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Thomas v. Delaware State Univ., 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); Nat'l Labor Rel. Bd. v. FES, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

**III.     DISCUSSION**

Soh premises his motion for summary judgment on Fulton's failure to support his negligence claim with the requisite expert testimony. (Doc. 128, at 16). Soh explains that for Fulton to successfully establish his claim, he must establish Fulton was owed a duty by Soh, that this duty was breached, that a causal connection exists between the breach and Fulton's injury, and that damages occurred. (Doc. 128, at 16); see also Grove v. Port Auth., 218 A.3d 877, 889 (Pa. 2019). At issue here is the causal connection element. Soh asserts that Fulton is required by law to support that his injury was caused "with a reasonable degree of medical certainty" by the negligent acts at issue with expert medical testimony but that he has failed

to do so. (Doc. 128, at 17). In his memorandum of law in opposition to Soh's motion, Fulton asserts that, in his papers, Soh "confus[es] sufficiency of trial evidence to support submitting a case to the jury or whether the evidence was sufficient to sustain a verdict, with a basis for summary judgment solely because the plaintiff is precluded from qualifying his treating physicians as experts." (Doc. 131-1, at 2). Fulton also argues that:

> [Soh's] position is inapposite to the law because the law permits a plaintiff in a personal injury claim to prove the existence of a causal relationship between the injury complained of and the alleged negligent act without expert testimony and when that is proven he is entitled to recover if the injury shows an obvious causal relationship between the two.

(Doc. 131-1, at 2).

Soh responds that the cases cited by Fulton are not applicable in this instance and reasserts that "the factual record, developed through the date of jury selection, and the Court's Order precluding [Fulton's] experts from providing expert testimony establishing the causal connection between the subject motor vehicle accident and Plaintiff's alleged injuries requires the entry of summary judgment." (Doc. 133, at 2). For the following reasons, the Court agrees with Soh.

"Pennsylvania common law requires plaintiffs to prove the existence of a causal relationship 'between the injury complained of and the alleged negligent act to be entitled to recover for the injury.'" *Schweikert v. Eagle*, No. CV 20-4310, 2022 WL 394751, at *3 (E.D. Pa. Feb. 9, 2022) (quoting *Lattanze v. Silverstrini*, 448 A.2d 605, 608 (Pa. Super. Ct. 1982)). In proving a negligence claim, "[e]xpert opinion testimony is not required, however, there is an *obvious causal relationship* between the alleged negligent act and the injury complained of." *Bixler v. Lamendola*, No. 3:20-CV-1819, 2022 WL 2441567, at *4 (M.D. Pa. July 5, 2022). An obvious causal relationship is one that is the direct and immediate result of the alleged

negligence. *Bixler*, 2022 WL 2441567, at *4; *Riad v. Porsche Cars N. Am., Inc.*, No. CV 18-5175-KSM, 2024 WL 3606315, at *5 n.7 (E.D. Pa. July 30, 2024). In cases where there is not an obvious causal relationship between the injury and the negligence, courts have ruled in favor of defendants if the plaintiff failed to produce medical opinion testimony to support their claims. *See e.g.*, *Riad*, 2024 WL 3606315, at *5 ("Because [plaintiff] has not put forth admissible evidence of medical causation, [defendant] is entitled to summary judgment on [plaintiff's] claims"); *see also Chebbani v. United States Dep't of Agric.*, No. 5:21-CV-04298-JMG, 2023 WL 6626132 (E.D. Pa. Oct. 11, 2023) ("In sum, expert medical testimony was required to prove causation as to Plaintiff's neck and shoulder injuries. Because Plaintiff could not produce such testimony, her claim with respect to these injuries fails.").

This Court previously concluded that Fulton is precluded from introducing expert medical testimony because the little evidence he did produce was submitted months after the relevant deadline. (Doc. 112; Doc. 113, at 4-5). Accordingly, there is no question that Fulton cannot fulsomely support his negligence claim, as there is not an obvious causal relationship between the accident and the alleged injuries. Nothing in the record that supports a finding that Fulton suffered an immediate injury that was the direct result of the accident. (Doc. 127-3, at 46-46, 76-77). After the accident, Fulton did not seek emergency care. In fact, he did not see any doctor until almost two weeks after the collision. Further, the testimony of Dr. Sidor and Dr. Rushton suggests that Fulton's injuries could not have been caused by the accident, at least to any degree of medical certainty. (Doc. 127-3, at 46-46, 76-77). Nevertheless, to establish the causation element of his negligence claim, Fulton bears the burden to produce medical expert evidence that supports his averment that his injuries were caused by the accident. *See Chebbani*, 2023 WL 6626132. Because he has failed to do so, and because this

Court previously determined that he is barred from doing so, summary judgment is properly **GRANTED** in Soh's favor. (Doc. 127). Fulton's negligence claim will be **DISMISSED**.

IV. <u>CONCLUSION</u>

Based on the foregoing, Soh's motion for summary judgment is **GRANTED**. (Doc. 127). Soh's negligence claim is **DISMISSED**. (Doc. 18) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

An appropriate Order follows.

Dated: May 16, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**